```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

BETTY MICHAELS                   §
                                 §
V.                               §   CIVIL ACTION NO. 4:14-CV-382-Y
                                 §
CAROLYN W. COLVIN, ACTING        §
COMMISSIONER OF SOCIAL SECURITY  §
```

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINDINGS, CONCLUSIONS, AND RECOMMENDATION IN PART

On June 26, 2015, the United States magistrate judge issued his findings, conclusions, and recommendation ("the findings") in this case. In the findings, the magistrate judge recommended that the Court affirm the decision of the commissioner of the Social Security Administration denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. An order issued that same day gave all parties fourteen days to serve and file with the Court written objections to the findings. Plaintiff has filed objections.[1] The commissioner did not file a response.

Plaintiff objects to the magistrate judge's report on the basis that it improperly limits judicial review of new evidence by imposing a good-cause requirement. When requesting review of a decision of an administrative law judge ("ALJ"), a claimant is permitted to submit new and material evidence to the Appeals Council. *See* 20 C.F.R. § 404.970(b). The Appeals Council is required to accept new evidence and

---

[1] Paul Michaels is the disability-benefits claimant. During the course of the proceedings, however, the claimant died. Claimant's attorney filed a motion seeking to substitute the claimant's surviving spouse as a party. This Court granted the motion, and Betty Michaels was substituted for her husband as a party to this action.

evaluate it against the existing record provided that it is both new and material. *See id.* There is no requirement that a claimant demonstrate good cause prior to submitting new evidence to the Appeals Counsel. A claimant need only show good cause where the claimant offers new and material evidence in the district court that was not presented **at any stage** in the administrative proceedings. *See* 42 U.S.C. § 405(g); *Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 335 (N.D. Tex. 2003)(Solis, C.J.).

Here, Plaintiff submitted new evidence in the form of a letter from a vocational expert and medical records. Although not before the ALJ when rendering her decision, these materials were considered by the Appeals Council in denying review of the ALJ's decision and were part of the administrative record. Because there was no dispute that the materials were new, the magistrate judge moved on to the materiality inquiry, and provided a full analysis of why the new evidence was not material.

At the end of the analysis, the magistrate judge noted that Plaintiff had failed to demonstrate good cause as to why the letter from the vocational expert and the medical records were not submitted earlier in the proceedings and that, as a result, remand to the ALJ for consideration of the new evidence was not warranted. As Plaintiff correctly argues, there was no good-cause requirement here.  There was no evidence submitted to the district court that was not already part of the administrative record. A such, the remand standard set forth

2

in sentence six of § 405(g) does not apply. *Jones v. Astrue*, 228 Fed. App'x 403, 407 (5th Cir. 2007). To the extent that the magistrate judge's report implied that good cause was required, this Court declines to adopt that portion of the report and recommendation. But even if the magistrate judge's discussion of good cause was in error, Plaintiff is still not entitled to remand. The magistrate judge addressed in detail why Plaintiff's new evidence was not material, and the Court adopts those findings as the findings of this Court. To the extent that Plaintiff objects to the findings related to materiality, those objections are overruled.

Plaintiff also complains that the magistrate judge erroneously found that the Appeals Counsel weighed the new evidence against the remainder of the record in denying review. In its notice denying review, however, the Appeals Council explains that it found no reason under its rules to review the ALJ's decision. The Appeals Council then set out the grounds under which it will review an ALJ's decision, including "We receive new and material evidence and the decision is contrary to the weight of all the evidence now in the record." (Admin. R. at 1.) Then, under a section titled "What We Considered," the Appeals Council states: "We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (*Id.* at 2.) Finally, in its order, the Appeals Council explicitly

3

states that the evidence considered included the vocational expert's letter and the medical records (*Id.* at 5.) Plaintiff's objection to the magistrate judge's finding that the Appeals Council weighed the new evidence against the remainder of the administrative record is without merit.

After review, the Court declines to adopt the magistrate judge's findings in so far as they imply that there is a good-cause requirement even where the new evidence was presented to the Appeals Council and is already part of the administrative record. In all other respects, the Court ADOPTS the magistrate judge's findings as the findings and conclusions of this Court and OVERRULES Plaintiff's objections. Accordingly, the commissioner's decision is AFFIRMED.

SIGNED August 19, 2015.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE